# EXHIBIT A

## LOST NOTE AFFIDAVIT

_Jeffrey W. Korbecki_, being of lawful age and being first duly sworn on oath, states and deposes as follows:

1.      I am a Vice President and Assistant Secretary of the Administrative Services Division of Beneficial Homeowner Service Corporation ("Lender").   I am over the age of eighteen years, and I am authorized to make this Affidavit on behalf of the Lender.  If sworn as a witness I can competently testify to the matters stated herein.  The statements set forth in this Affidavit are true and correct, to the best of my knowledge and belief.

2.      In the regular performance of my job functions, I have access to and am familiar with business records maintained by the Lender for the purpose of storing and maintaining documents related to the loans originated by or transferred to the Lender, including original promissory notes and/or loan agreements.   The Lender maintains business records for the purpose of servicing mortgage loans.   These records (which include data compilations, electronically imaged documents, and others) are:  (a) made at or near the time of the occurrence of the matters set forth by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records; and (b) kept as a regular practice and in the ordinary course of business conducted by the Lender.  It is the regular practice of the Lender to make such records.  In connection with making this Affidavit, I reviewed and relied on those business records concerning the loan described below.

3.      I am making this Lost Note Affidavit in connection with a promissory note and/or loan agreement ("Note"), bearing the date of January 26, 2001, in which Dawn Daguilar,

promised to pay the Lender the sum of $237,194.86 (the "Loan"). The Loan is identified as Account Number                    ("Account 3084").

4.      On or about the date on which this Affidavit was executed, a diligent search for the original Note was conducted. This search included looking in the physical files and secure storage facilities where the original Note and other documents related to Account 3084 are maintained.

5.      After conducting the search described in paragraph 4 above, the original Note could not be located. Therefore, the Lender cannot reasonably obtain possession of the original Note because the whereabouts of the original Note cannot be determined, although the Lender was in possession of the original Note prior to its whereabouts becoming undeterminable.

6.      An imaged copy of the original Note for the Loan is contained on the imaging system maintained by the Lender. The imaging system maintained by the Lender does not permit additions, deletions, or changes without leaving a record of such additions, deletions, or changes.

7.      The records maintained by the Lender establish that the Note was not paid, satisfied, pledged, transferred or lawfully seized. The records maintained by the Lender also establish that the Note was not changed or altered in any way from its original form.

/

/

8.      The imaged copy of the original Note for the Loan, is attached hereto as Exhibit 1, and contains the pertinent terms of the Note.

FURTHER AFFIANT SAYETH NOT.

By: _____
Signature of Affiant

JEFFREY W. Kordecki
Printed Name of Affiant

On behalf of Beneficial Homeowner Service Corporation

Its:    **Vice President and Assistant Secretary**
        **Administrative Services Division**
        Affiant's Title

STATE OF  Florida             )
                              ) ss.
COUNTY OF  Hillsborough       )

On the 13th day of October in the year of 2015 before me, the undersigned, personally appeared Jeffrey W. Kordecki, personally known to me or known or proved to me on the basis of satisfactory evidence, to be the individual whose name is subscribed to the within Affidavit and who, being by me duly sworn, did depose and say to me that he executed the same in his capacity, that by his signature on the Affidavit, the individual, or the person upon behalf of which the individual acted, executed the Affidavit, and that such individual made such appearance before the undersigned in the City of Brandon County of Hillsborough, State of Florida.

ANGELA M. DAVIES
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF056586
Expires 9/23/2017

Notary Public, State of Florida
Print Name: Angela M. Davies
My Commission expires: 9/23/17

RESTRICTED - 3

NY LNA (Owner)                                                          16AUG11ver2.0

## LOAN REPAYMENT AND SECURITY AGREEMENT (Page 1 of 3)

**LENDER (called "We", "Us", "Our")**
BENEFICIAL HOMEOWNER SERVICE CORPORATION
2027 WILLIAMSBRIDGE RD
BRONX NY 10461

**BORROWERS (called "You", "Your")**          **LOAN NO:**
DAGUILAR, DAWN
SS#
1815 EDENWALD AVE
BRONX NY 10466

| EFFECTIVE DATE | FIRST PAYMENT DUE DATE | OTHERS SAME DAY OF EACH MONTH | SCHEDULED MATURITY DATE | CONTRACT RATE (per year) |
|---|---|---|---|---|
| 01/26/2001 | 02/26/2001 | | 01/26/2031 | 11.680 % |

| AMOUNT FINANCED | PRINCIPAL |
|---|---|
| $ 219,996.23 | $ 237,194.86 |
| | POINTS |
| | $ 17,198.63 |

| LIFE INS PREMIUM | DISABILITY INS PREMIUM | IUI PREMIUM |
|---|---|---|
| $ NONE | $ NONE | $ NONE |

| RELI INS PREMIUM |
|---|
| $ NONE |

| FIRST INSTALLMENT | MONTHLY INSTALLMENT | TERM PERIOD |
|---|---|---|
| $ 2,381.55 | $ 2,381.55 | 360 |

YOU ARE GIVING US A SECURITY INTEREST IN THE REAL ESTATE LOCATED AT THE ABOVE ADDRESS.

**REQUIRED INSURANCE.** You must obtain insurance for term of loan covering security for this loan as indicated by the word "YES" below, naming us as Loss Payee:

YES    Title insurance on real estate security.
YES    Fire and extended coverage insurance on real estate security.

You may obtain any required insurance from anyone you choose and may assign any other policy of insurance you own to cover the security for this loan.
(See "Security" paragraph above for description of security to be insured.)

**NOTICE: THE FOLLOWING PAGES CONTAIN ADDITIONAL CONTRACT TERMS.**

02-04-00 RE SI
1ST MTG W/O PPP

NYB65821

## LOAN REPAYMENT AND SECURITY AGREEMENT (Page 2 of 3)

**PAYMENT.** In return for this loan, you shall pay us the Principal (Amount Financed plus Points) and Simple Interest in monthly payments as shown on page one with final Balloon Payment, if any. Interest shall be computed at the Contract Rate shown on page one on actual unpaid balances of Principal for the actual time outstanding, until fully paid. Every payment shall be applied first to unpaid delinquency charges, then to Interest at the Contract Rate to date of actual payment, and then to the unpaid balance of Principal. Unpaid delinquency charges will not be added to unpaid balance of Principal. You will pay at our business address on page one or other address given you. If more than one Borrower is named on page one, we may enforce this contract against all, or any, Borrowers, but not in a combined amount greater than the amount owed.

**DATE ON WHICH FINANCE CHARGE BEGINS.** If you do not cancel this loan according to your "Notice of Right to Rescind," the date on which Finance Charge begins, payment dates, and effective date of optional insurance purchased in connection with this loan are postponed by the number of days from this Agreement's date to date you receive this loan.

**PAY-OUTS.** You agree to pay-outs of Amount Financed as shown on Truth-In-Lending disclosure form. If pay-outs change because loan closing is delayed, (a) you shall pay additional amounts due at closing, or (b) your cash or check will be reduced to cover additional pay-outs.

**PREPAYMENT.** You may pay any amount in advance. If you fully prepay the entire outstanding balance of your account, you may have to pay a penalty as described below. Points are part of the Finance Charge and are fully earned when the loan is made. You will not be entitled to a refund of the points portion of Finance Charges.

**MATURITY.** After the final payment due date stated on page one you will pay interest at the rate of 18% per year.

**LATE CHARGES.** If you don't pay any payment in full in 15 days after it's due, you will also pay 2% of the unpaid amount of such payment.

**BAD CHECK CHARGE.** We will charge you a fee of $10 if any payment check is returned because of insufficient funds or is otherwise dishonored. You agree that we may deduct this charge from a monthly payment.

**SECURITY.** There is a mortgage on your real estate, located at your address unless a different address is stated. You agree to give us a security interest in the real estate as described in the Mortgage.

PROPERTY INSURANCE:

**A. YOUR OBLIGATION TO INSURE.** You shall keep the structures located on the real property securing this loan insured against damage caused by fire and other physical hazards, name us as a loss payee and deliver to us a loss payable endorsement. If insurance covering the real property is cancelled or expires while the loan is outstanding and you do not reinstate the coverage, we may obtain, at our option, hazard insurance coverage protecting our interest in the real property as outlined below.

**B. LENDER'S RIGHT TO PLACE HAZARD INSURANCE.** You authorize us, at our option, to obtain coverage on the Property in an amount not greater than the outstanding balance of principal and interest on the loan or, if known to be less, the replacement value of the Property, in the event that you fail to maintain the required hazard insurance outlined above or fail to provide adequate proof of its existence. You authorize us to charge you for the costs of this insurance and add the insurance charges to your loan. The Insurance charges will be added to the unpaid balance of the loan which accrues interest at the Contract Rate. The addition of the insurance charges due might increase the amount of your final installment. The cost of Lender placed hazard insurance might be higher than the cost of standard insurance protecting the property. The Lender placed insurance will not insure the contents of the property or provide liability coverage. The insurance might not be the lowest cost coverage of its type available and you agree that we have no obligation to obtain the lowest cost coverage. We or an affiliated company might receive some benefit from the placement of this insurance and you will be charged for the full cost of the premium without reduction for any such benefit. If at any time after we have obtained this insurance, you provide adequate proof that you have subsequently purchased the required coverage, we will cancel the coverage we obtained and credit any unearned premiums to your loan.

### NOTICE: THE FOLLOWING PAGE CONTAINS ADDITIONAL CONTRACT TERMS.

02-04-00 RE SI
1ST MTG W/O PPP

NYB65922

## LOAN REPAYMENT AND SECURITY AGREEMENT (Page 3 of 3)

DEFAULT. If you don't pay on time or fail to keep any required insurance in force, or if permitted in the event of default under the Mortgage, (1) all your payments may become due at once and, (2) without notifying you before bringing suit, we may sue you for the entire unpaid balance of Principal and accrued Interest and (3) any judgment in our favor may include our reasonable attorney's fee and court costs as determined by the court. You agree that, should we obtain judgment against you, a portion of your disposable earnings may be attached or garnished (paid to us by your employer), as provided by Federal law. You agree to pay interest on any judgment at the Contract Rate.

EXCHANGE OF INFORMATION. You understand that from time to time we may receive credit information concerning you from others, such as stores, other lenders, and credit reporting agencies. You authorize us to share any information, on a regular basis, we obtain related to your Account, including but not limited to credit reports and insurance information, with any of our affiliated corporations, subsidiaries or other third parties. The uses of this information may include an inquiry to determine if you qualify for additional offers of credit. You also authorize us to share any information regarding your Account with any of our affiliated corporations, subsidiaries or other third parties. **You may prohibit the sharing of such information (except for the sharing of information about transactions or experiences between us and you) by sending a written request which contains your full name, Social Security Number and Address to us at P.O. Box 1547, Chesapeake, VA 23320.**

If you fail to fulfill the terms of your credit obligation, a negative report reflecting on your credit record may be submitted to a credit reporting agency. You agree that the Department of Motor Vehicles (or your state's equivalent of such department) may release your residence address to us, should it become necessary to locate you. You agree that our supervisory personnel may listen to telephone calls between you and our representatives in order to evaluate the quality of our service to you.

ALTERNATIVE DISPUTE RESOLUTION AND OTHER RIDERS. The terms of the Arbitration Agreement and any other Riders signed as part of this loan transaction are incorporated into this Agreement by reference.

APPLICABLE LAW. This loan is made by us as a licensed Mortgage Banker under the Licensed Mortgage Bankers Law (LMBL), Article 12-D of the Banking Law of New York, at an agreed rate authorized by Section 501(a), Part A, Title V, Public Law 96-221, also known as Section 1735f-7(a), Title 12, United States Code, in accordance with Part 80 of the Regulations of the New York Banking Board issued under the LMBL.

INSURANCE. Optional credit insurance and any required insurance disclosures are attached to this Agreement and are incorporated herein by reference.

**DEFAULT IN THE PAYMENT OF THIS LOAN AGREEMENT MAY RESULT IN THE LOSS OF THE PROPERTY SECURING THE LOAN. UNDER FEDERAL LAW, YOU MAY HAVE THE RIGHT TO CANCEL THIS AGREEMENT. IF YOU HAVE THIS RIGHT, THE CREDITOR IS REQUIRED TO PROVIDE YOU WITH A SEPARATE WRITTEN NOTICE SPECIFYING THE CIRCUMSTANCES AND TIMES UNDER WHICH YOU CAN EXERCISE THIS RIGHT.**

YOU HAVE RECEIVED A COMPLETE COPY OF THIS AGREEMENT AND THE TRUTH-IN-LENDING DISCLOSURES.

BORROWERS:

_____(SEAL)

_____(SEAL)

_____(SEAL)

WITNESS:

NYB65923

02-04-00 RE SI
1ST MTG W/O PPP

# ALLONGE TO NOTE

Service #:

Control Number:

Allonge to Note Dated: **1/26/01**

And Executed by: **DAWN DAGUILAR**

Property Address: **1815 ENDENWALD AVE, BRONX, NY 10466-0000**

Loan Amount: **$237,194.86**

Pay to the order of: **U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST**

Without recourse: **BENEFICIAL HOMEOWNER SERVICE CORPORATION., BY CALIBER HOME LOANS, INC., AS ITS ATTORNEY IN FACT**

By: _____

**Kari Waltrip**

Title: **Authorized Signatory**

Prepared By: ALICIA M FEUERBORN

CAALNG



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 9 |
|---|---|

**Document ID:** ▮▮▮▮   Document Date: 01-25-2001   Preparation Date: 08-29-2005
Document Type: MORTGAGE AND CONSOLIDATION
Document Page Count: 7

| **PRESENTER:** | **RETURN TO:** |
|---|---|
| REALTY-SKYLINE RESEARCH LLC | RECORDS PROCESSING SERVICE |
| 175 REMSEN ST | 577 LAMONT ROAD |
| PARTNERS B1525 (TB) | ELMHURST, IL 60126 |
| BROOKLYN, NY 11201 | |
| 718-306-1100 | |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BRONX | 5009 | 40 | Entire Lot | 1815 EDENWALD AVENUE |

Property Type: DWELLING ONLY - 2 FAMILY

**CROSS REFERENCE DATA**

**Document ID:** ▮▮▮▮
  x  Additional Cross References on Continuation Page

**PARTIES**

| **MORTGAGOR:** | **MORTGAGEE:** |
|---|---|
| DAWN D'AGUILAR | BENEFICIAL HOME OWNER SERVICE |
| 1815 EDENWALD AVENUE | CORPORATION |
| BRONX, NY 10466 | 2027 WILLIAMSBRIDGE ROAD |
| | BRONX, NY 10461 |

**FEES AND TAXES**

| Mortgage | | | | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 237,194.85 | Recording Fee: $ | 72.00 |
| Taxable Mortgage Amount: | $ | 207,194.85 | Affidavit Fee: $ | 8.00 |
| Exemption: | 255 | | NYC Real Property Transfer Tax Filing Fee: | |
| | | | $ | 0.00 |
| TAXES:  County (Basic): | $ | 1,036.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 2,072.00 | $ | 0.00 |

| | | | **RECORDED OR FILED IN THE OFFICE** |
|---|---|---|---|
| Spec (Additional): | $ | 0.00 | **OF THE CITY REGISTER OF THE** |
| TASF: | $ | 518.00 | **CITY OF NEW YORK** |
| MTA: | $ | 493.00 | Recorded/Filed     08-31-2005 10:11 |
| NYCTA: | $ | 0.00 | City Register File No.(CRFN): |
| Additional MRT: | $ | 0.00 | **2005000488372** |
| TOTAL: | $ | 4,119.00 | |

*Annette M Hill*

*City Register Official Signature*

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | PAGE 2 OF 9 |
|---|---|

Document ID: ████████    Document Date: 01-25-2001    Preparation Date: 08-29-2005
Document Type: MORTGAGE AND CONSOLIDATION

**CROSS REFERENCE DATA**
**Document ID:** ████████

# MORTGAGE AND CONSOLIDATION AGREEMENT

641725

[ ] If box is checked, this mortgage secures future advances.

THIS MORTGAGE is made this 26TH day of JANUARY 20 01, between the Mortgagor,
DAWN D'AGUILAR, NOT STATED
1815 EDENWALD AVE BRONX, NY 10466
(herein "Borrower"), and Mortgagee BENEFICIAL HOMEOWNER SERVICE CORPORATION
a corporation organized and existing under the laws of DELAWARE whose address is
2027 WILLIAMSBRIDGE RD. BRONX, NY 10461
(herein "Lender").

The following paragraph preceded by a checked box is applicable.

[X] WHEREAS, Borrower is indebted to Lender in the principal sum of $ 237,194.86
evidenced by Borrower's Loan Agreement dated JANUARY 26, 2001 and any extensions or renewals thereof
(including those pursuant to any Renegotiable Rate Agreement) (herein "Note"), providing for monthly installments of
principal and interest, including any adjustments to the amount of payments or the contract rate if that rate is variable,
with the balance of the indebtedness, if not sooner paid, due and payable on JANUARY 26, 2031 .

[ ] WHEREAS, Borrower is indebted to Lender in the principal sum of $ , or so much thereof
as may be advanced pursuant to Borrower's Revolving Loan Agreement dated and
extensions and renewals thereof (herein "Note"), providing for monthly installments, and interest at the rate and under the
terms specified in the Note, including any adjustments in the interest rate if that rate is variable, and providing for a credit
limit stated in the principal sum above and an initial advance of $ ;

This Mortgage is hereby consolidated with a Mortgage dated MAY 25, 2000 and recorded
MAY 25, 2000 in the office of the Clerk of BRONX
County, in Liber # Page , in the original amount of $ 30,000.00
to form a new lien of a 237,194.86

To compute recording tax:
New Principal ..................... $ 237,194.86
less Old Unpaid Principal .... $ 30,000.00 →TO BE RECORDED SIMO HEREWITH. TAX TO BE PAID 585.00
Amount Taxed ................. $ 207,194.86

THESE TERMS ARE FOR THE TOTAL CONSOLIDATED MORTGAGE.

TO SECURE to Lender the repayment of (1) the indebtedness evidenced by the Note, with interest thereon,
including any increase if the contract rate is variable; (2) future advances under any Revolving Loan Agreement; (3) the
payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage
including Lender's reasonable attorney's fees and other expenses incurred in connection with foreclosure as permitted by
applicable law; and (4) the performance of the covenants and agreements of Borrower herein contained, Borrower does
hereby mortgage, grant and convey to Lender and Lender's successors and assigns the following described property (herein
"Property")
located in the County of BRONX State of New York:

ALL THAT CERTAIN PLOT, PIECE OR PARCEL, OF LAND WITH THE
BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING
AND BEING IN THE BOROUGH OF BRONX, CITY OF NEW YORK, COUNTY
OF BRONX AND STATE OF NEW YORK, SHOWN ON A CERTAIN MAP
ENTITLED "MAP OF A PART OF SECTION B OF EDENWALD, TOWN OF
EASTCHESTER, WESTCHESTER COUNTY, N. Y." MADE BY JOSIAH A.
BRIGGS, C.E. OCTOBER 1892 FILED IN VOLUME 10 OF MAPS AT PAGE
20 IN REGISTERS OFFFICE OF WESTCHESTER COUNTY 11/2/1892 AS
LOT NO. 40 BLOCK NO. 12, SECTION B, AND BOUNDED AND
DESCRIBED ON SAID MAP AS FOLLOWS:

BEGINNING AT A POINT FORCED BY THE INTERSECTION OF THE
NORTHERLY SIDE OF JEFFERSON AVENUE AND THE WESTERLY SIDE OF
OAKES AVENUE

THENCE NORTHERLY ALONG THE WESTERLY SIDE OF OAKS AVENUE 100
FEET;

CONTINUED ON ATTACHED EXHIBIT A

CHECK IF APPLICABLE

[X] The property is improved by a one or two family residence and no other improvement exceeds the cost value of
the residence.

11-08-00
CONS MTG                                                                 NY002491

1.R.E.P.    ¯16/03  12:48  PAGE  of  808    RIP  FAX

Borrower promises and agrees as follows:

1. Borrower will pay as promised in the Note according to its terms.

**Payment**
**Insurance**

2. If the Note requires, Borrower will keep the buildings on the Property insured against loss by fire and other risks included in the standard form of extended coverage insurance. The amount shall be approved by Lender but shall not exceed full replacement value of the buildings. The policies shall contain the standard New York Mortgage clause in Lender's name.

3. Borrower releases and waives all rights under and by virtue of Federal exemption laws.

**Waiver**
**Maintenance**

4. Borrower will keep the Property in reasonably good repair.

**No sale or**
**alteration**

5. Borrower may not, without Lender's consent alter, demolish or remove the buildings and improvements on the Property.

**Taxes, etc.**

6. Borrower will pay all taxes, assessments, sewer rents or water rates.

**Title**

7. Borrower warrants the title to the Property. Property is unencumbered except for prior encumbrances of record. Borrower is responsible for any of Lender's costs or losses if an interest in the Property is claimed by others.

**Lien Law**
**Section 13**

8. Borrower will receive the advances secured by this Mortgage and will hold the right to receive the advances as a trust fund. The advances will be applied first for the purpose of paying the cost of improvement. Borrower will apply the advances first to the payment to the cost of improvement before using any part of the total of the advances for any other purpose.

**Default**

9. If Borrower fails to make any payment when due or fails to obtain or keep any insurance as required by the Note, Lender may immediately declare due (less any required refund of insurance charges):

    a) for simple interest or revolving loans, the unpaid balance of the debt plus unpaid Interest or Finance Charges;

    b) for precomputed loans, the unpaid balance of the debt less any refund of unearned Interest or Finance Charges.

**Sale**

10. If Borrower defaults under this Mortgage and the Property is to be sold at a foreclosure sale, the Property may be sold in one parcel.

**Receiver**

11. If Lender sues to foreclose the Mortgage, the Lender shall have the right to have a receiver appointed to take control of the Property.

**Assumption**

12. This Mortgage may not be assumed without Lender's written consent.

**Notices**

13. Notices, demands or requests may be in writing and may be delivered in person or sent by mail.

**No oral changes**

14. This Mortgage may not be changed or ended orally.

**Who is**
**bound**

15. If there is more than one Mortgagor each shall be separately liable. The words "Mortgagor" and "Mortgagee", shall include their heirs, executors, administrators, successors and assigns. If there is more than one Mortgagor or Mortgagee the words "Mortgagor" and "Mortgagee" used in this Mortgage include them.

**Signatures**

The Mortgagor has signed this Mortgage as of the date on the first page.

LENDER _____    MORTGAGOR _____

STATE OF NEW YORK, COUNTY OF _____ SS:

On the 26 day of January, in the year of 2001, before me, the undersigned, a Notary Public in and for said State, personally appeared _____ personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Byra I Martinez
Notary Public, State of New York
Lic. #01MA6031776
Qualified in Bronx County
Commission Expires Oct. 12, 20__

STATE OF: _____, COUNTY OF _____ SS:

On the _____ day of _____, in the year of 20___ before me, the undersigned, a Notary Public in and for said State, personally appeared _____ personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument and that such individual made such appearance before the undersigned in the State of

11-DE-20
CONS MTG

NYC03412

## EXHIBIT A

ALL THAT CERTAIN PLOT, PIECE OR PARCEL, OF LAND WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN THE BOROUGH OF BRONX, CITY OF NEW YORK, COUNTY OF BRONX AND STATE OF NEW YORK, SHOWN ON A CERTAIN MAP ENTITLED "MAP OF A PART OF SECTION B OF EDENWALD, TOWN OF EASTCHESTER, WESTCHESTER COUNTY, N. Y." MADE BY JOSIAH A. BRIGGS, C.E. OCTOBER 1892 FILED IN VOLUME 10 OF MAPS AT PAGE 20 IN REGISTERS OFFFICE OF WESTCHESTER COUNTY 11/2/1892 AS LOT NO. 40 BLOCK NO. 12, SECTION B, AND BOUNDED AND DESCRIBED ON SAID MAP AS FOLLOWS:

BEGINNING AT A POINT FORCED BY THE INTERSECTION OF THE NORTHERLY SIDE OF JEFFERSON AVENUE AND THE WESTERLY SIDE OF DAKES AVENUE

THENCE NORTHERLY ALONG THE WESTERLY SIDE OF OAKS AVENUE 100 FEET;

THENCE WESTERLY ON A LINE AT RIGHT ANGLES TO SAID WESTERLY SIDE OF OAKES AVENUE 25 FEET;

THENCE SOUTHERLY AND PARALLEL WITH THE WESTERLY SIDE OF OAKES AVENUE 100 FEET TOT HE NORTHERLY SIDE OF JEFFERSON AVENUE;

THENCE EASTERLY ALONG SAME 25 FEET TO THE POINT OR PLACE OF BEGINNING.

ADDRESS: 1815 EDENWALD AVE, BRONX, NY 10466    TAX MAP NUMBER: 5009-40

**MORTGAGE AND CONSOLIDATION AGREEMENT**

TO

Dated, _____ 20____

STATE OF NEW YORK

County of _____

RECORDED ON THE

_____ day of _____, 20____

at _____ o'clock _____ M.

in Liber _____ of Mortgages

at Page _____ and examined

CLERK

PLEASE RECORD AND RETURN TO:

Records Processing Services
577 Lamont Road
Elmhurst, IL 60126

11-05-00
CDMS MFG

NYDOX453

THENCE WESTERLY ON A LINE AT RIGHT ANGLES TO SAID WESTERLY
SIDE OF OAKES AVENUE 25 FEET;
THENCE SOUTHERLY AND PARALLEL WITH THE WESTERLY SIDE OF
OAKES AVENUE 100 FEET TOT HE NORTHERLY SIDE OF JEFFERSON
AVENUE;

THENCE EASTERLY ALONG SAME 25 FEET TO THE POINT OR PLACE OF
BEGINNING.
    ADDRESS: 1816 EDENWALD AVE; BRONX, NY 10466    TAX MAP
NUMBER: 5009-4D

I.R.E.P.              5/16/03 12:59    PAGE    7/8    Ri  FAX

## ARBITRATION RIDER
(Page 1 of 2)

This Arbitration Rider is signed as part of your Agreement with Lender and is made a part of that Agreement. By signing this Arbitration Rider, you agree that either Lender or you may request that any claim, dispute, or controversy (whether based upon contract; tort, intentional or otherwise; constitution; statute; common law; or equity and whether pre-existing, present or future), including initial claims, counter-claims, and third party claims, arising from or relating to this Agreement or the relationships which result from this Agreement, including the validity or enforceability of this arbitration clause, any part thereof or the entire Agreement ("Claim"), shall be resolved, upon the election of you or us, by binding arbitration pursuant to this arbitration provision and the applicable rules or procedures of the arbitration administrator selected at the time the Claim is filed. The party initiating the arbitration proceeding shall have the right to select one of the following three arbitration administrators: the National Arbitration Forum ("NAF"), the American Arbitration Association ("AAA") or JAMS/Endispute ("JAMS"). The arbitrator shall be a lawyer with more than ten years experience or a retired or former judge. The arbitrator shall be independent of and unrelated to you or Lender. The rules and forms of the NAF, AAA and JAMS may be obtained by writing to or calling these organizations at the adresses and/or telephone numbers listed below. Our address for the Service of process under this provision is P.O. Box 1547, Chesapeake, VA 23320.

Any participatory arbitration hearing that you attend will take place in the city nearest to your residence where a federal district court is located or at such other location as agreed by the parties.

If Lender files a Claim, Lender shall pay all the filing costs. If you file a Claim, the filing costs shall be paid as follows: (a) Lender agrees to pay for the initial cost of the filing the Claim up to the maximum amount $100.00; (b) for the filing costs over $100.00, such additional cost shall be divided equally between us up to the amount charged by the arbitration administrator for a Claim equal to your loan amount; and (c) all costs over the amount charged by the arbitration administrator for a Claim equal to your loan amount shall be paid by you. The cost of up to one full day of arbitration hearings will be shared equally between us. Fees for hearings that exceed one day will be paid by the requesting party. We shall each bear the expense of our respective attorney's fees, except as otherwise provided by law. If a statute gives you the right to recover any of these fees, or the fees paid to the arbitration administrator, these statutory rights shall apply in the arbitration notwithstanding anything to the contrary contained herein. If the arbitrator issues an award in our favor you will not be required to reimburse us for any fees we have previously paid to the arbitration administrator or for which we are responsible.

This Arbitration Rider is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. Sections 1 - 16 (the "FAA"). The Arbitrator shall apply applicable substantive law consistent with the FAA, including laws concerning reception, rejection and consideration of evidence, and shall provide written reasoned findings of fact and conclusions of law. The Arbitrators award shall not be subject to appeal except as permitted by the FAA. The parties agree that the award shall be kept confidential. Judgement upon the award may be entered in any court having jurisdiction. All statutes of limitations that would otherwise be applicable shall apply to any arbitration proceeding.

The Arbitrator shall be empowered to impose sanctions and to take such other actions as the Arbitrator deems necessary to the same extent as could be imposed by a judge pursuant to the Federal Rules of Civil Procedure.

This Arbitration Rider shall survive repayment of your loan and/or termination of the Agreement. If any portion of this Arbitration Rider is deemed invalid or unenforceable under any law or statute consistent with the FAA, it shall not invalidate the remaining portions of this Arbitration Rider of the Agreement. In the event of a conflict or inconsistency between the rules and procedures of the arbitration administrator and this Arbitration Rider, this Arbitration Rider shall govern. No class actions or joiner or consolidation of any Claim with the claim of any other person are permitted in arbitration without the written consent of you and us.

No provision of, nor the exercise of any rights under this Arbitration Rider shall limit the right of any party during the pendency of any Claim, to seek and use ancillary or preliminary remedies, judicial or otherwise, for the purposes of realizing upon, preserving, protecting or foreclosing upon any property involved in any Claim or subject to the loan documents. The use of the courts shall not constitute a waiver of the right of any party, including the plaintiff, to submit any Claim to arbitration nor render inapplicable the compulsory arbitration provisions contained in this Arbitration Rider.

11-30-99 ARBIT RIDER                                                                 US024641

ORIGINAL

## ARBITRATION RIDER
(Page 2 of 2)

THE PARTIES ACKNOWLEDGE THAT THEY HAD A RIGHT TO LITIGATE CLAIMS THROUGH A COURT BEFORE A JUDGE OR JURY, BUT WILL NOT HAVE THAT RIGHT IF EITHER PARTY ELECTS ARBITRATION. THE PARTIES HEREBY KNOWINGLY AND VOLUNTARILY WAIVE THEIR RIGHTS TO LITIGATE SUCH CLAIMS IN A COURT BEFORE A JUDGE OR JURY UPON ELECTION OF ARBITRATION BY EITHER PARTY.

You may contact, obtain the arbitration rules of, or file a Claim with NAF, AAA, or JAMS as follows:

| | | |
|---|---|---|
| National Arbitration Forum | American Arbitration Association | J.A.M.S./Endispute |
| P.O. Box 50191 | 1150 Connecticut Ave, NW, 6th Floor | 700 11th St., NW, Suite 450 |
| Minneapolis, MN 55405 | Washington, DC 20036-4104 | Washington, DC 20001 |
| (800) 474-2371 | (800) 925-0155 | (800) 352-5267 |
| www.arb-forum.org | www.adr.org | www.jamsadr.com |
| Code of Procedure | Arbitration Rules for Consumer | Financial Services |
| | Related Disputes (Claims | Arbitration Rules and |
| | under $10,000). Commercial | Procedures. |
| | Arbitration Rules (all other claims). | |

Borrower: _____

Print Name: __DAWN DAGUILAR__

By: _____ LENDER

Borrower: _____

Print Name: _____

Date: __1/31/01__

11-30-99 ARBIT RIDER

USD24B42

ORIGINAL

EXHIBIT A

ALL THAT CERTAIN PLOT; PIECE OR PARCEL, OF LAND WITH THE BUILDINGS AND
IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN THE BOROUGH OF
BRONX, CITY OF NEW YORK, COUNTY OF BRONX AND STATE OF NEW YORK, SHOWN ON
A CERTAIN MAP ENTITLED "MAP OF A PART OF SECTION B OF EDENWALD, TOWN OF
EASTCHESTER, WESTCHESTER COUNTY, N. Y." MADE BY JOSIAH A. BRIGGS, C.E.
OCTOBER 1892 FILED IN VOLUME 10 OF MAPS AT PAGE 20 IN REGISTERS OFFFICE
OF WESTCHESTER COUNTY 11/2/1892 AS LOT NO. 40 BLOCK NO. 12, SECTION B,
AND BOUNDED AND DESCRIBED ON SAID MAP AS FOLLOWS:

BEGINNING AT A POINT FORCED BY THE INTERSECTION OF THE NORTHERLY SIDE OF
JEFFERSON AVENUE AND THE WESTERLY SIDE OF DAKES AVENUE

THENCE NORTHERLY ALONG THE WESTERLY SIDE OF OAKS AVENUE 100 FEET;

THENCE WESTERLY ON A LINE AT RIGHT ANGLES TO SAID WESTERLY SIDE OF OAKES
AVENUE 25 FEET;

THENCE SOUTHERLY AND PARALLEL WITH THE WESTERLY SIDE OF OAKES AVENUE 100
FEET TOT HE NORTHERLY SIDE OF JEFFERSON AVENUE;

THENCE EASTERLY ALONG SAME 25 FEET TO THE POINT OR PLACE OF BEGINNING.

ADDRESS: 1815 EDENWALD AVE;    BRONX, NY 10466    TAX MAP NUMBER: 5009-40

**NYC DEPARTMENT OF FINANCE
OFFICE OF THE CITY REGISTER**

| SUPPORTING DOCUMENT COVER PAGE | PAGE 1 OF 1 |
|---|---|

| Document ID: ███████ | Document Date: 01-25-2001 | Preparation Date: 08-29-2005 |
|---|---|---|
| Document Type: MCON | | |

**SUPPORTING DOCUMENTS SUBMITTED:**

255 MORTGAGE TAX EXEMPT AFFIDAVIT

Page Count
1

am/20174Affd-255.wpd

## AFFIDAVIT UNDER SECTION 255 TAX LAW

STATE OF NEW YORK   )
                  ) ss.:
COUNTY OF NASSAU    )

        FLOYD G. GROSSMAN, being duly sworn, deposes and says that he is the attorney for Beneficial Homeowner Service Corporation, the owner and holder of the hereinafter described mortgages, and is familiar with the facts set forth herein.

        1.    That he is the attorney for Beneficial Homeowner Service Corporation, the owner and holder of the following mortgages and accompanying notes or other obligations covering premises described in Exhibit "A".

        (i)    **MORTGAGE** made by Dawn D'Aguilar to Beneficial Homeowner Service Corporation in the original principal amount of $30,000 dated May 28, 2000 and intended to be recorded in the Office of the City Register of the County of Bronx simultaneously with the filing hereof and upon the simultaneous payment of the mortgage tax due thereon in the amount of $585.00.

        (ii)    **MORTGAGE AND CONSOLIDATION AGREEMENT** made by Dawn D'Aguilar to Beneficial Homeowner Service Corporation in the original principal amount of $207,194.85 dated January 25, 2001 and intended to be recorded in the Office of the City Register of the County of Bronx simultaneously with the filing hereof and upon the simultaneous payment of the mortgage tax due thereof in the amount of $4,119.00.

which Mortgages (i) and (ii) are being combined and consolidated by Mortgage and Consolidation Agreement dated as of January 25, 2001 made by Dawn D'Aguilar, intended to be recorded in the Office of the City Register of the County of Bronx, to form a single lien in the amount of $237,194.85 and intended to be recorded in the Office of the City Register of the County of Bronx simultaneously herewith;

        2.    That pursuant to the terms and conditions of the Mortgage and Consolidation Agreement referred to in paragraph 1(ii) above, the mortgages above mentioned are being consolidated and combined to form a single joint lien upon the premises described in Exhibit "A" in the aggregate amount of $237,194.85. That said Mortgage and Consolidation Agreement has been executed and delivered together with this affidavit and is intended to be recorded in the Office of the City Register of Bronx County.

1

am/20174Affd-255.wpd

3.    That the present principal balance on the mortgages referred to in paragraphs 1(i) and (ii) is $237,194.85.

4.    That said agreement is given solely for the purpose of further securing and extending the same principal indebtedness which is or under any contingency may be secured by the above mentioned mortgages referred to in paragraphs 1(i) and (ii) and that such agreement does not create or secure any new or further indebtedness or obligation other than the principal indebtedness or obligation secured by or which under any contingency may be secured by the above mortgages referred to in paragraph 1(i) and (ii) and that no re-loans or re-advances have become secured thereunder.

WHEREFORE, deponent respectfully requests that such agreement be declared exempt from taxation pursuant to the provisions of Section 255 Article 11 of the Tax Law, except for the mortgage tax in the total amount of $4,693.89, as stated in paragraphs 1(i) and (ii).

FLOYD G. GROSSMAN

Sworn to before me this
15th day of February, 2005

Notary Public

JESSICA M. SEIDMAN
NOTARY PUBLIC, State of New York
No. 02SE4862547
Qualified in Nassau County
Commission Expires: May 27, 2006

2

· EXHIBIT A

ALL THAT CERTAIN PLOT, PIECE OR PARCEL, OF LAND WITH THE BUILDINGS AND
IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN THE BOROUGH OF
BRONX, CITY OF NEW YORK, COUNTY OF BRONX AND STATE OF NEW YORK, SHOWN ON
A CERTAIN MAP ENTITLED "MAP OF A PART OF SECTION B OF EDENWALD, TOWN OF
EASTCHESTER, WESTCHESTER COUNTY, N. Y." MADE BY JOSIAH A. BRIGGS, C.E.
OCTOBER 1892 FILED IN VOLUME 10 OF MAPS AT PAGE 20 IN REGISTERS OFFFICE
OF WESTCHESTER COUNTY 11/2/1892 AS LOT NO. 40 BLOCK NO. 12, SECTION E,
AND BOUNDED AND DESCRIBED ON SAID MAP AS FOLLOWS:

BEGINNING AT A POINT FORCED BY THE INTERSECTION OF THE NORTHERLY SIDE OF
JEFFERSON AVENUE AND THE WESTERLY SIDE OF DAKES AVENUE

THENCE NORTHERLY ALONG THE WESTERLY SIDE OF OAKS AVENUE 100 FEET;

THENCE WESTERLY ON A LINE AT RIGHT ANGLES TO SAID WESTERLY SIDE OF OAKES
AVENUE 25 FEET;

THENCE SOUTHERLY AND PARALLEL WITH THE WESTERLY SIDE OF OAKES AVENUE 100
FEET TOT HE NORTHERLY SIDE OF JEFFERSON AVENUE;

THENCE EASTERLY ALONG SAME 25 FEET TO THE POINT OR PLACE OF BEGINNING.

ADDRESS: 1815 EDENWALD AVE;  BRONX, NY 10466   TAX MAP NUMBER: 5009-40

am/20174Affd-255.wpd

## AFFIDAVIT UNDER SECTION 255 TAX LAW

STATE OF NEW YORK     )
                         ) ss.:

COUNTY OF NASSAU     )

FLOYD G. GROSSMAN, being duly sworn, deposes and says that he is the attorney for Beneficial Homeowner Service Corporation, the owner and holder of the hereinafter described mortgages, and is familiar with the facts set forth herein.

1. That he is the attorney for Beneficial Homeowner Service Corporation, the owner and holder of the following mortgages and accompanying notes or other obligations covering premises described in Exhibit "A".

(i) **MORTGAGE** made by Dawn D'Aguilar to Beneficial Homeowner Service Corporation in the original principal amount of $30,000 dated May 28, 2000 and intended to be recorded in the Office of the City Register of the County of Bronx simultaneously with the filing hereof and upon the simultaneous payment of the mortgage tax due thereon in the amount of $575.00;

(ii) **MORTGAGE AND CONSOLIDATION AGREEMENT** made by Dawn D'Aguilar to Beneficial Homeowner Service Corporation in the original principal amount of $207,194.85 dated January 25, 2001 and intended to be recorded in the Office of the City Register of the County of Bronx simultaneously with the filing hereof and upon the simultaneous payment of the mortgage tax due thereof in the amount of $4,118.89;

which Mortgages (i) and (ii) are being combined and consolidated by Mortgage and Consolidation Agreement dated as of January 25, 2001 made by Dawn D'Aguilar, intended to be recorded in the Office of the City Register of the County of Bronx, to form a single lien in the amount of $237,194.85 and intended to be recorded in the Office of the City Register of the County of Bronx simultaneously herewith;

2. That pursuant to the terms and conditions of the Mortgage and Consolidation Agreement referred to in paragraph 1(ii) above, the mortgages above mentioned are being consolidated and combined to form a single joint lien upon the premises described in Exhibit "A" in the aggregate amount of $237,194.85. That said Mortgage and Consolidation Agreement has been executed and delivered together with this affidavit and is intended to be recorded in the Office of the City Register of Bronx County.

1

am/20174Affd-255.wpd

3.    That the present principal balance on the mortgages referred to in paragraphs 1(i) and (ii) is $237,194.85.

4. That said agreement is given solely for the purpose of further securing and extending the same principal indebtedness which is or under any contingency may be secured by the above mentioned mortgages referred to in paragraphs 1(i) and (ii) and that such agreement does not create or secure any new or further indebtedness or obligation other than the principal indebtedness or obligation secured by or which under any contingency may be secured by the above mortgages referred to in paragraph 1(i) and (ii) and that no re-loans or re-advances have become secured thereunder.

WHEREFORE, deponent respectfully requests that such agreement be declared exempt from taxation pursuant to the provisions of Section 255 Article 11 of the Tax Law, except for the mortgage tax in the total amount of $4,693.89, as stated in paragraphs 1(i) and (ii).

FLOYD G. GROSSMAN

Sworn to before me this
15th day of February, 2005

Notary Public

JESSICA M. SEIDMAN
NOTARY PUBLIC, State of New York
No. 02SE4862547
Qualified in Nassau County
Commission Expires: May 27, 2054

2

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



## RECORDING AND ENDORSEMENT COVER PAGE
**PAGE 1 OF 5**

| | |
|---|---|
| **Document ID:** | **Document Date:** 09-28-2016 |
| **Document Type:** ASSIGNMENT, MORTGAGE | **Preparation Date:** 09-28-2016 |
| **Document Page Count:** 3 | |

**PRESENTER:**
T.D. SERVICE COMPANY
4000 W. METROPOLITAN DR
SUITE 400
ORANGE, CA 92868
714-480-5536
COUNTYDATABASE@TDSF.COM

**RETURN TO:**
T.D. SERVICE COMPANY
4000 W. METROPOLITAN DR
SUITE 400
ORANGE, CA 92868
714-480-5536
COUNTYDATABASE@TDSF.COM

## PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---------|-------|-----|------|---------|
| BRONX | 5009 | 40 | Entire Lot | 1815 EDENWALD AVENUE |

**Property Type:** DWELLING ONLY - I FAMILY

## CROSS REFERENCE DATA

**CRFN:**

## PARTIES

**ASSIGNOR/OLD LENDER:**
BENEFICIAL HOMEOWNER SERVICE CORPORATION
C/O CALIBER HOME LOANS INC, 13801 WIRELESS WAY
OKLAHOMA CITY, OK 73134

**ASSIGNEE/NEW LENDER:**
US BANK TRUST NA
13801 WIRELESS WAY
OKLAHOMA CITY, OK 73134

☒ Additional Parties Listed on Continuation Page

## FEES AND TAXES

| Mortgage : | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES:   County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 0.00 | | | |
| MTA: | $ | 0.00 | | | |
| NYCTA: | $ | 0.00 | | | |
| Additional MRT: | $ | 0.00 | | | |
| TOTAL: | $ | 0.00 | | | |
| Recording Fee: | $ | 52.00 | | | |
| Affidavit Fee: | $ | 0.00 | | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**
Recorded/Filed   10-04-2016 10:38
City Register File No.(CRFN):
2016000347713

*Annette M Hill*

**City Register Official Signature**

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

| | |
|---|---|
| **RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION)** | **PAGE 2 OF 5** |

Document ID: 2016092801542001          Document Date: 09-28-2016          Preparation Date: 09-28-2016
Document Type: ASSIGNMENT, MORTGAGE

**PARTIES**
**ASSIGNEE/NEW LENDER:**
LSF9 MASTER PARTICIPATION TRUST
13801 WIRELESS WAY
OKLAHOMA CITY, OK 73134

Recording Requested and Prepared By:
**T.D. SERVICE COMPANY**
**LR Department**
**4000 W Metropolitan Dr Ste 400**
**Orange, CA  92868**
**SARAH NICOLE LOFFLER**

And When Recorded Mail To:
**T.D. Service Company**
**LR Department (Cust# 673)**
**4000 W Metropolitan Dr Ste 400**
**Orange, CA  92868**

———————————————— Space above for Recorder's use ————————————

Customer#: 673/2    Service#: ████████████████
Loan#: ████████████

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, **BENEFICIAL HOMEOWNER SERVICE CORPORATION, C/O CALIBER HOME LOANS, INC. 13801 WIRELESS WAY, OKLAHOMA CITY, OK  73134-2550**, hereby assign and transfer to **U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, 13801 WIRELESS WAY, OKLAHOMA CITY, OK  73134-2550**, all its right, title and interest in and to said Mortgage in the amount of **$30,000.00**, recorded in the State of NEW YORK, County of BRONX Official Records, dated **MAY 25, 2000** and recorded on **AUGUST 31, 2005**, as Instrument No. **2005000488371**, in Book No. **---**, at Page No. **---**.
Executed by: **DAWN D'AUILAR** (Original Mortgagor).
Original Mortgagee: **BENEFICIAL HOMEOWNER SERVICE CORPORATION.**
Property Address: **1815 ENDENWALD AVENUE, BRONX, NY 10466-0000.  SBL# BLOCK: 5009 LOT: 40.**

### See attached Exhibit "A" for Mortgage History

The assignee is not acting as a nominee of the mortgagor and that the mortgage continues to secure a bonafide obligation.

Date: **SEP 2 8 2016**

**BENEFICIAL HOMEOWNER SERVICE CORPORATION, BY CALIBER HOME LOANS, INC., AS ATTORNEY IN FACT**
Power of Attorney Recorded on 09/14/16 As Instrument # ████████████

By: _____
**Jamie M. Van Keirsbelk, Authorized Signatory**

This Assignment is not subject to the requirements of new section 275 of the real property law because it is an assignment with the secondary mortgage market.

Loan#: ▮▮▮▮▮▮▮    Srv#: ▮▮▮▮▮▮▮
Page 2

> A notary public or other officer completing this certificate
> verifies only the identity of the individual who signed the
> document to which this certificate is attached, and not the
> truthfulness, accuracy, or validity of that document.

State of    **CALIFORNIA**          }
County of   **ORANGE**              } ss.

On **SEP 2 8 2016** before me, **Osbaldo Vidrio**, a Notary Public, personally appeared **Jamie M. Van Keirsbelk** who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the City of Orange , County of **ORANGE** State of **CALIFORNIA** . I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

Witness my hand and official seal.

_____

(Notary Name): **Osbaldo Vidrio**

OSBALDO VIDRIO
Commission # 2100693
Notary Public - California
Orange County
My Comm. Expires Feb 20, 2019

SEAL

**BENEFICIAL HOMEOWNER SERVICE CORPORATION** and office located at **C/O CALIBER HOME LOANS, INC. 13801 WIRELESS WAY, OKLAHOMA CITY, OK  73134-2550**

Service #: ████████

### EXHIBIT "A"
### MORTGAGE HISTORY EXHIBIT

Mortgage dated 05/25/2000 made by DAWN D'AUILAR to BENEFICIAL HOMEOWNER SERVICE CORPORATION in the amount of $30,000.00 recorded 08/31/2005 Instrument # 2005000488371 Book n/a Page n/a.

Mortgage and Consolidation Agreement dated 01/25/2001 made by DAWN D'AGUILAR, NOT STATED to BENEFICIAL HOMEOWNER SERVICE CORPORATION in the amount of $237,194.85 recorded 08/31/2005 Instrument # 2005000488372 Book n/a Page n/a.